Mathew K. Higbee, Esq., SBN 241380
Ryan E. Carreon, Esq. SBN 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8336
(714) 597-6559 facsimile
Email: mhigbee@higbeeassociates.com

*Attorney for Plaintiff,*
URBANLIP.COM LTD.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| URBANLIP.COM LTD. | Case No. _____ |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| v. | **DEMAND FOR JURY TRIAL** |
| LEREVE SKIN INSTITUTE INC., a California Corporation; HELEN YU, an individual; and DOES 1 through 10 inclusive, | |
| Defendant. | |

Plaintiff, urbanlip.com ltd. alleges as follows:

## JURISDICTION AND VENUE

1.      This is a civil action seeking damages and injunction relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*

1

2.      This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3.      This Court has personal jurisdiction over Defendants because Defendants conduct business and reside within the State of California Defendants' acts of infringement complained of herein occurred in the State of California, and Defendants caused injury to Plaintiff within the State of California.

4.      Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Alternatively, venue is also proper pursuant to 28 U.S.C. § 1400(b) because the Defendants reside and have a regular and established place of business in this judicial district.

## **PARTIES**

5.      Plaintiff urbanlip.com ltd. ("Urbanlip" or "Plaintiff") is a professional media company specializing in health, beauty and fashion imaging.

6.      Defendant LeReve Skin Institute Inc. ("Defendant LeReve") is a California corporation with a principal place of business at 18 Technology Dr. Suite 138, Irvine CA 92612.

7.      Defendant Helen Yu ("Defendant Yu") is an individual who, on information and belief, resides in this district and is the founder and CEO of Defendant LeReve.

8.      Plaintiff is unaware of the true names and capacities of the

Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

## FACTUAL ALLEGATIONS

9.     Urbanlip is a professional media company specializing in health, beauty and fashion imaging.

10.     Urbanlip imaging has been featured in advertising and branding campaigns for companies such as the Estee Lauder Group, Avon, Olay, Nivea, Arm & Hammer, Cover Girl, Avon, Time Inc., Conde Nast, and Walmart.

11.     Urbanlip is the rights holder to four original photographs (the "Image"), true and correct copies of which are attached hereto as Exhibit A.

12.     The Images are registered with the United States Copyright Office under registration number VA 2-031-180.

### Defendant Yu's 2012 Infringement Of Urbanlip Photographs

13.     In 2012, Urbanlip was contacted by Defendant Yu on behalf of a company called Merveille Beauty & Health, Inc. ("Merveille Beauty").

14.    Defendant Yu, who identified herself as the CEO of Merveille Beauty, sent an inquiry through Urbanlip's website requesting a licensing fee quote for use of some of Urbanlip's photographs, including one of the Images, for use in connection with products sold by Merveille Beauty.

15.    Shortly thereafter, Urbanlip discovered that six of its photographs were being used to promote a series of skin care products branded as "D'LuxePeel" and "D'LuxeDerm" on the Merveille Beauty website and on the social media site Flickr.

16.    Urbanlip reviewed its records and determined that Defendant Yu had not responded to the licensing fee quote provided by Urbanlip, nor did Urbanlip have any record that Defendant Yu or anyone on behalf of Merveille Beauty paid a licensing fee for use of Urbanlip's photographs.

17.    On May 18, 2012 Urbanlip reached out to Defendant Yu by email requesting that the photographs be immediately removed.

18.    That same day, Defendant Yu responded acknowledging receiving the licensing fee quote and stating that Merveille Beauty did not download the photographs from the Urbanlip website and that they had been provided by a third party advertising agency.

19.    That same day, in a subsequent email to Urbanlip, Defendant Yu stated, "My company [is] fully responsible for this including outsourcing [to the] graphic freelance person we hired who used your image from [a] google search …

Actually, we were considering to purchase [sic] 4 to 5 pictures from your today with your quotation."

20.    Urbanlip and Defendant Yu continued to correspond, and Urbanlip provided additional licensing fee quotes to Defendant Yu for potential license of Urbanlip photographs.

21.    On May 25, 2012, Defendant Yu agreed to a licensing proposal provided by Urbanlip.

22.    On May 28, 2012, Urbanlip sent an invoice to Defendant Yu in accordance with the previously agreed upon proposal with instructions to wire the payment to Urbanlip.

23.    On May 31, 2012, Defendant Yu confirmed receipt of the invoice and stated "we will transfer money today."

24.    On June 8, 2012, Urbanlip sent a follow up email requesting an update on the status of the payment, as no wire transfer had been sent. Defendant Yu responded that she would "check with my assistant and let you know."

25.    Subsequently, Defendant Yu ceased all contact with Urbanlip and no licensing agreement was ever consummated nor was any payment ever received.

**Defendants' Willful Infringement Of Urbanlip's Images**

26.    On or about June 2018, Urbanlip discovered that its Images were being used by Defendant LeReve to promote a series of skin case products branded as "ReveSkin" and "RevePeel."

27.   Urbanlip noticed a series of social media posts beginning in 2017 on Instagram and Facebook using the Images to advertise the ReveSkin and RevePeel brands ("Infringing Advertisements").

28.   Urbanlip also noticed that's its Images were being used on the ReveSkin and RevePeel product boxes, on print advertising brochures, on physical print displays, and other print media ("Infringing Materials").

29.   Attached hereto as Exhibit B are true and correct copies screenshots of the Infringing Advertisements and Infringing Materials.

30.   After a brief investigation, Urbanlip discovered that Defendant Yu was the president of Defendant LeReve.

31.   On July 10, 2018, Plaintiff's counsel sent detailed correspondence to Defendant LeReve containing copies of the Infringing Advertisements and Infringing Materials and requesting, *inter alia*, that Defendant LeReve immediately cease and desist from using the Images without a proper license.

32.   Subsequently, Plaintiff's counsel received a response letter from Defendant LeReve dated July 26, 2018 and signed by Defendant Yu stating in part:

> "[W]e received your letter … For the pictures in your claim that we use[d] on our social media and some advertising material, we had no idea that 'Urbanlip' that company [sic] has the copyright. We never had any business relationship with them either setting up [an] account or download[ing] pictures from their website.
>
> …
>
> We do use lots of pictures ... There are numerous pictures available on [the] [I]nternet, for public use.
>
> …

But the most important of all, Urbanlip has no grounds and evidence to put a claim against us. They should provide evidence that our company has downloaded the pictures from their server, if not, we cannot be responsible for their own fa[il]ure by releasing the image to other public sources without copyright notice. Your claim is invalid.

> Helen Yu
> [Signature]
> President, LeReve Skin Institute Inc."

33.    Plaintiff's counsel and Defendant Yu subsequently exchanged additional correspondence, however Defendants refused to resolve the matter or license the Images.

34.    On information and belief, Defendant Yu personally directed the infringing activity alleged in this Complaint.

35.    On information and belief, Defendant Yu had the right and ability to supervise and control the infringing use of Urbanlip's Image in the Infringing Advertisements and Infringing Materials.

36.    On information and belief, Defendants' infringing conduct was willful because Defendant Yu had previous used Urbanlip photographs without a license, including one of the Images, through her previous company Merveille Beauty in 2012.

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101 *et seq.***

37.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

7

38.     Plaintiff did not consent to, authorize, permit, or allow in any manner the distribution of the Images by Defendants.

39.     Plaintiff is informed and believes and thereon alleges that the Defendants willfully infringed upon Plaintiff's copyrighted Images in violation of Title 17 of the U.S. Code, because, *inter alia*, Defendant Yu knew it did not have the right to use Images based on her previous dealings with Plaintiff in 2012.

40.     As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 per infringement pursuant to 17 U.S.C. § 504(c).

41.     As a result of the Defendants' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendants.

42.     Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of its copyright pursuant to 17 U.S.C. § 502.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

- For an order pursuant to 17 U.S.C. § 502(a) enjoining Defendants from any further infringing use of any of Plaintiff's Images;

- For a seizure order directing the U.S. Marshal to seize and impound all items possessed, owned or under the control of Defendants, their officers, agents, servants, employees, representatives and attorneys, and all persons in active concert or participation with them, which infringe upon Urbanlip's copyrights, including but not limited to any and all broadcasting materials,

advertising materials, print media, signs, Internet web sites, domain names, computer hard drives, servers or any other media, either now known or hereafter devised, bearing any image which infringes, contributorily infringe, or vicariously infringes upon Urbanlip's copyrights in the Images as well as all business records related thereto, including, but not limited to, lists of advertisers, clients, customers, viewers, distributors, invoices, catalogs, and the like;

- For an accounting be made for all profits, income, receipts or other benefit derived by Defendants from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. §§ 504 (a)(1) & (b);

- For an award of actual damages and disgorgement of all of Defendants profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendants in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

- For costs of litigation and reasonable attorney's fees against Defendants pursuant to 17 U.S.C. § 505;

- For an award of pre- and post-judgment interest; and

- For any other relief the Court deems just and proper.

Dated: September 17, 2018                           Respectfully submitted,

                                        **/s/ Mathew K. Higbee**
                                        Mathew K. Higbee, Esq.
                                        Cal. Bar No. 241380
                                        HIGBEE & ASSOCIATES
                                        1504 Brookhollow Dr., Ste 112
                                        Santa Ana, CA 92705-5418
                                        (714) 617-8336
                                        (714) 597-6559 facsimile
                                        *Counsel for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff, urbanlip.com ltd., hereby demands a jury trial in the above matter.

Dated: September 17, 2018                              Respectfully submitted,


**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Cal. Bar No. 241380
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8336
(714) 597-6559 facsimile
*Counsel for Plaintiff*

# Exhibit "A"









# Exhibit "B"

























