Mathew K. Higbee, Esq., SBN 241380
Ryan E. Carreon, Esq. SBN 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8336
(714) 597-6559 facsimile
Email: mhigbee@higbeeassociates.com

*Attorney for Plaintiff,*
URBANLIP.COM LTD.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| URBANLIP.COM LTD. | Case No. 8:18-cv-01685-DOC-JDE |
| Plaintiff, | **NOTICE OF MOTION AND MOTION TO STRIKE THE ANSWER OF DEFENDANT LEREVE SKIN INSTITUTE INC.** |
| v. | |
| LEREVE SKIN INSTITUTE INC., a California Corporation; HELEN YU, an individual; and DOES 1 through 10 inclusive, | Judge: David O. Carter<br>Courtroom: 9-D<br>Hearing Date: Dec. 17, 2018<br>Hearing Time: 8:30 a.m. |
| Defendant. | Complaint Filed: Sept. 18, 2018 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 17, 2018 at 8:30 A.M., or as soon thereafter as the matter may be heard in the courtroom of the Honorable David O. Carter of the above-titled court, located at the Ronald Reagan Federal Building and United States Courthouse, 411 W. Fourth St., Santa Ana, CA, 92701, Courtroom 9-D, Plaintiff urbanlip.com Ltd. ("Plaintiff" or "Urbanlip") will move for an Order

striking the Answer filed by Defendant LeReve Skin Institute ("Defendant LeReve"), pursuant to Federal Rules of Civil Procedure 12(f), and requesting that Defendant LeReve be ordered to retain counsel in this matter.

Prior to the filing of this Motion, Plaintiff's counsel met and conferred with Defendant Yu regarding the substance of Plaintiff's Motion to Strike. Declaration of Ryan E. Carreon ("Carreon Decl.") ¶10.

This Motion is brought on the grounds that under both California and Federal law, a corporation cannot represent itself in court, either in propria persona or through an officer or agent who is not an attorney. As co-Defendant Helen Yu does not appear to be licensed to practice law, the Answer filed on October 15, 2018 purportedly on behalf of Defedant Yu and Defendant LeReve, must be stricken as to Defendant LeReve.

This Motion is based on this Notice of Motion, the attached memorandum of points and authorities, the declaration of Ryan E. Carreon in support, and the pleadings, files and other materials that are on file with the Court or may be presented at the hearing.

DATED: November 5, 2018                  Respectfully submitted,

**/s/ Ryan E. Carreon**
Ryan E. Carreon, Esq.
Cal. Bar No. 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8336
(714) 597-6559 facsimile
*Counsel for Plaintiff*

ii

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is a copyright infringement lawsuit against Defendants LeReve Skin Institute Inc. ("Defendant LeReve") and its CEO Defendant Helen Yu ("Defendant Yu") arising from the unauthorized use of a series of stock photographs owned by urbanlip.com Ltd. ("Urbanlip") which Defendants used on various forms packaging and advertisements to promote a series of skin case products branded as "ReveSkin" and "RevePeel."

Urbanlip filed this Complaint on September 18, 2018. Dkt. #1. On October 15, 2018 an Answer was filed using approved California Judicial Council form PLD-C-010. The top portion of the form labeled "ATTORNEY OR PARTY WITHOUT ATTORNEY" contained the information for Defendant Yu only. However, line 2 of the first page of the form indicated that the Answer was being filed jointly on behalf of "Helen Yu and LeReve Skin Institute Inc." Additionally, many of the denials in the Answer reference both Defendant Yu and Defendant LeReve. *See* Dkt. 18.

After receiving the Answer, Plaintiff's counsel attempted to ascertain whether Helen Yu was an attorney and, if so, whether she was admitted to practice in California or the Central District. Carreon Decl. ¶8. Plaintiff's counsel was only was able to locate a "Helen Yu" on the California State Bar website, however it appeared that the attorney listed was not the same person as Defendant Yu[1]. Carreon Decl. ¶9.

As stated more fully explained below under both California and Federal law, a corporation cannot represent itself in court, either *in propria persona* or through an officer or agent who is not an attorney.

///

---

[1] Attorney Helen Yu, bar number 177222, is apparently a partner at Yu Leseberg, a law firm in Los Angeles apparently unaffiliated with either Defendant. *See* http://yuleseberg.com/ourteam/yu.

1

## II. DEFENDANT LEREVE'S ANSWER MUST BE STRICKEN

"It has been the law for the better part of two centuries … that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993); *see also* L.R. 83-2.2.2 ("Only individuals may represent themselves *pro se*."). Additionally, California case law has uniformly held that a corporation cannot represent itself in court[2], either *in propria persona* or through an officer or agent who is not an attorney. *Merco Constr. Engineers, Inc. v. Municipal Court* (1978) 21 Cal. 3d 724, 729; *see also Van Gundy v. Camelot Resorts, Inc.* (1983) 152 Cal.App.3d Supp. 29, 32; *Caressa Camille, Inc. v. Alcoholic Beverage Control Appeals Bd.* (2002) 99 Cal.App.4th 1094, 1101; *citing Merco Constr. Engineers, Inc. v. Municipal Court* (1978) 21 Cal.3d 724, 727, 729; *Paradise v. Nowlin* (1948) 86 Cal.App.2d 897, 898.

Corporations cannot appear pro per for three distinct reasons: (1) any representative sent on behalf of the corporation would be engaged in the unauthorized practice of law; (2) the rule ensures that qualified professionals will appear in court, thereby increasing the efficient and proper administration of justice; and (3) the distinction helps to maintain the wall between the corporation as an entity and its individuals shareholders, directors, and officers. *See CLD Construction, Inc. v. City of San Ramon* (2004) 120 Cal.App.4th 765, 773.

Defendant Yu, who is not an attorney, filed an Answer in this matter on behalf of Defendants Yu and LeReve. While Defendant Yu is free to represent herself if she so chooses, she is not permitted to represent Defendant LeReve. Therefore, the Answer must be stricken as to Defendant LeReve, and Defendant LeReve should be ordered to obtain counsel or risk entry of default.

///

///

---

[2] California law provides two narrow exceptions to this rule that are inapplicable in this case; an exception for small claims proceedings (Code of Civil Procedure §§ 116.510 *et seq.)* and an exception for appearance at judgment debtor exams (Code of Civil Procedure § 708.150(d)).

## III. CONCLUSION

Urbanlip respectfully requests that the Answer be stricken as to Defendant LeReve, and that Defendant LeReve be ordered to obtain counsel.

DATED: November 5, 2018              Respectfully submitted,

**/s/ Ryan E. Carreon**
Ryan E. Carreon, Esq.
Cal. Bar No. 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8336
(714) 597-6559 facsimile
*Counsel for Plaintiff*

# PROOF OF SERVICE

I, the undersigned, say:

I am a citizen of the United States and I am a member of the Bar of this Court. I am over the age of 18 and not a party to the within action My business address is 1504 Brookhollow Dr., Ste 112, Santa Ana, California, 92705.

On November 5, 2018, I caused to be served the foregoing documents:

**NOTICE OF MOTION AND MOTION TO STRIKE; DECLARATION OF RYAN E. CARREON; PROPOSED ORDER**

X       (BY MAIL) I deposited such envelope in the mail at Santa Ana, California. The envelope was mailed with postage thereon fully prepaid and addressed to the person below:

**Helen Yu**
**18 Technology Drive,**
**Suite 138**
**Irvine, CA 92618**
*Pro Se*

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on November 5, 2018, at Santa Ana, California.

*/s/ Ryan E. Carreon*
Ryan E. Carreon, Esq.
*Counsel for Plaintiff*