Mathew K. Higbee, Esq., SBN 241380
Ryan E. Carreon Esq. SBN 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8336
(714) 597-6559 facsimile
Email: mhigbee@higbeeassociates.com
rcarreon@higbeeassociates.com

*Attorney for Plaintiff,*
URBANLIP.COM LTD.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| URBANLIP.COM LTD. <br><br> Plaintiff, <br><br> v. <br><br> LEREVE SKIN INSTITUTE INC., a California Corporation; HELEN YU, an individual; and DOES 1 through 10 inclusive, <br><br> Defendant. | Case No. 8:18-cv-01685-DOC-JDE <br><br> **JOINT REPORT OF EARLY MEETING** <br><br> **[FRCP RULE 26(b); CD-LR 26-1]** <br><br><br> Complaint Filed: Sept. 18, 2018 |

Pursuant to Federal Rule of Civil Procedure 26(f), Central District Local Rule 26-1, and this Court's Standing Order the parties to this action, Plaintiff urbanlip.com Ltd., and Defendants LeReve Skin Institute and Helen Yu hereby submit this Joint Report of Early Meeting.

**I.    STATEMENT OF FACTS**

    **a. Plaintiff's Statement of the Case**

This is a straight forward case of copyright infringement by Defendants Helen Yu and LeReve Skin Institute Inc. Plaintiff urbanlip.com ltd. ("Urbanlip") is

a stock photography agency based in the U.K. speacailizing in health, beauty, and fashion imaging. Urbanlip is the rights holder to four unique beauty photographs ("Images"), which is registered with the Unites States Copyright Office.

In 2012, Urbanlip was contacted by Defendant Yu in her capcity as CEO of a an entity named Merveille Beauty, which is not part of this lawsuit. Defendant Yu sent a request to Urbanlip for licensing information for some of its photographs. Urbanlip and Defendant Yu did not enter into a licensing agreement, but shortly thereafter Urbanlip discovered that six of its photographs were being used to promote various Mereveille Beauty products. After Urbanlip confronted Defendant Yu about the infringement, Defendant Yu agreed to pay a retroactive license fee, but the transaction was never consummated.

In June 2018, Urbanlip discovered that the Images were being used by Defendant LeReve to promote a series of skin case products branded as "ReveSkin" and "RevePeel." Urbanlip noticed that the Images were being used online in various advertisments ("Infringing Advertsiments"), and also noticed that the Images were being used on the ReveSkin and RevePeel product boxes, on print advertising brochures, on physical print displays, and other print media ("Infringing Materials"). After a brief investigation, Urbanlip discovered that Defendant Yu was the president of Defendant LeReve.

Urbanlip estimates that the a licensing fee to use the Images in print media and online advertisements similar to the Infringing Advertisments and Infringing Materials would cost approximately $5,000 per year per Image to license.

### b. Defendant's Statement of the Case

I, Helen Yu was the CEO of Merveille Beauty & Health Inc. in 2012, which is not the part of lawsuit. And I am the defendant of this lawsuit as the owner & president of LeReve Skin Institute Inc.

In May 2012, I contacted Urbanlip on behalf of Merveille Beauty & Health to inquire one picture the company's marketing team planed to use. In Aug 2012. Merveille Beauty and Health purchased the that Urbanlip's image through Masterfile, the sales agent of Urbanlip. The price of image was $1,100. The evidence of purchase receipt was submitted in the answer to the court and served the Plaintiff on Oct 15. 2018. So there was no copyright infringement, willfully or unwilfully in 2012 from me.

In July 2018, LeReve Skin Institute Inc received letter from Higbee & Associates on behalf on Urbanlip to ask for "copyright infringement fee" for several pictures the company used on briefly on social media in 2017 and one or two pictures used on the brochure of 2 products of total 18 products LeReve has. Once received the letter, I personally immediately investigated internally. The design/staff team completely changed from 2012 and it has been five years. It was not to my knowledge that the license fee of these images were not cleared. These pictures were stored in our company's computer from previous team. There are not any watermark and copyright claims printed on these pictures, the team of LeReve Skin Institute Inc including myself assumed the copyright were cleared. Both LeReve Skin Institute and I have never set up the account nor downloaded any

pictures from Urbanlip's website from 2014 till today. Upon receiving the letter, we immediately took down the pictures from social media, destroyed the printing brochures with these images on and replaced with new images. We also informed our clients (no more than 20 clients) to take down the related images on their websites and throw away printed brochures if any left over.

We replied Higbee & Associate via letter and email to offer reasonable license fee instead of "copyright infringement fee". Per purchase record in 2012 and published license fee from Urbanlip's sales agent Masterfile, the license fee varies from $250 to $1100 per image depending on the picture usage. There are no copy infringements from me and LeReve Skin Institute Inc to cause any damage.

In additional, LeReve Skin Institute is a medical company, not a cosmetic company. These stock pictures were used just for image and decoration purpose, having nothing to do with product benefit, sales and or profit if any. We never claimed any of these pictures are related to our product function. These stock pictures are generic and can be easily replaced, which we did. We had no reason to infringe these photos purposely.

We have showed our sincere cooperation since we received the first communication from the Plaintiff in July 2018. As the company operated in medical industry, where the patent and copyrights are strictly protected as business common practice. we respect intellectual property and copyright law. We run the business with integrity and have been very carefully. We are willing to pay license fee of the images we used with reasonable price.

## II. PRINCIPAL ISSUES OF THE CASE

### a. Plaintiff's Statement

Plaintiff believes that the principal issues to be decided in the case will be the extent of the infringement Images and the calculation of damages and profits resulting from the infringement alleged.

### b. Defendant's Statement

Defendant believes that the principle issues to be decided in the case will be if there were copyright infringements and if any damage and profits should be claimed from plaintiff and what is the reasonable licensee fee of these images.

## III. ADDITIONAL PARTIES

The parties do not anticipate any additional parties being added to the case.

## IV. CONTEMPLATED MOTION PRACTICE

### a. Plaintiff's Contemplated Motions

Plaintiff current has a Motion to Strike pending against Defendant LeReve and noticed for hearing on December 17, 2018. If that Motion is granted, Plaintiff anticipates bringing a Motion for Default Judgment against LeReve. Plaintiff also anticipates that it will bring a Motion for Summary Judgment against any remaining Defendants.

### b. Defendant's Contemplated Motions

The pending Motion to Strike filed by Plaintiff is because that I, Helen Yu, cannot defend LeReve Skin Institute Inc as a California Corporation.  However, it is a straight forward case. The main defendant is me, not the company LeReve Skin

Institute Inc. These pictures were obtained during the 2012 under Merveille Beauty & Health and have nothing to do with LeReve Skin Institute Inc. I believe that I can defend the case. Meanwhile. We are actively working on settlement and license fee negotiation with Plaintiff via email and phone calls. In addition, our company has limited resource to hire attorney to defend the case. Here we ask for the court to postpone Dec 17 2018 hearing and give our both parties more time to reach the settlement before grant the Motion.

## V.  SETTLEMENT DISCUSSIONS

The parties have been engaged in settlement discussions primarily by email and telephone and both parties desire to settle the case. Both sides have made settlement proposals, and the parties have voluntarily exchaged information to aid in the settlement discussions.

Pursuant to L.R. 16-15.4, the parties would request ADR Procedure No. 2 - The parties shall appear before a neutral selected from the Court's Mediation Panel.

## VI.  RULE 26(f) DISCOVERY PLAN

In accordance with the requirements of Federal Rule of Civil Procedure 26(f)(1)-(4), the parties submit the following:

### A.  Proposed Changes to Rules 26(a)(1) Disclosures

The Parties agree that no changes should be made to the form or requirement for disclosures under Rule 26(a)(1).

### B.  Discovery

The parties propose the following with regard to discovery:

RULE 26(f) REPORT
6

1. **Scope and Subjects of Discovery**

   a. Plaintiff's Subjects on Which Discovery May Be Needed. Without prejudice to its rights to seek discovery on any relevant issues, Plaintiff contemplates that it will need and seek discovery concerning the scope and extent of the infringement, Defendants' prior dealings with Plaintiff, and the number of products sold bearing the infringing photographs

   b. Defendants' Subjects on Which Discovery will be Needed. Without prejudice to their rights to seek discovery on any relevant issues, Defendants contemplate that they will need and seek discovery concerning: what are the published common license fee of the stock images from Urbanlip to a small size company.

   c. Agreed Upon Methods of Discovery.

   The parties agree that the anticipated methods of future discovery will include: (1) written discovery in the form of Interrogatories, Requests for Admissions, and Requests for Production of Documents; (2) written discovery via issuance of subpoenas to third parties; and (3) oral depositions of "person(s) most knowledgeable" under Rule 30(b)(6), and other relevant witnesses.

2. **Discovery Completion Dates**

   a. Supplementations – Supplementations under Fed. R. Civ. Proc. 26(e) are due in a reasonable time after material, relevant facts are learned, or by court order.

   b. Discovery Cut-Off – All fact discovery shall be completed by all parties on or before Jan 15, 2019.

3. **Protocol for Electronically-Stored Information**

   Disclosure or discovery of electronically stored information should be handled as follows:

   a. All electronic files are to be produced in their native format as kept in the ordinary course of business, along with any program used to open those files. Metadata shall not be removed from any file prior to production.

   b. If any electronic file cannot reasonably be produced in its native format, all documents within that file are to be produced electronically in optical character recognized (also known as "OCR"-ed) portable document format (PDF), accompanied by a declaration from counsel explaining the reason the electronic file could not be produced in its native format.

4. **Procedures for Resolving Disputes Regarding Claims of Privilege**

The parties agree to use the procedures set forth in Fed. R. Civ. Proc. Rule 26(b)(5) regarding any claims of privilege or protecting materials asserted as being for trial-preparation. The parties request that this proposed procedure be adopted within the court's further orders.

    **5. Changes in Discovery Limitations**

The parties do not request any changes in the discovery limitations set forth in the FRCP.

## VII. THE MATTER IS NOT COMPLEX

The parties agree that the matter is not complex such that any portion of Manual for Complex Litigation should be utilized in managing the matter.

## VIII. PROPOSED MOTION AND TRIAL SCHEDULE

A. Plaintiff proposes propose that the fact discovery cut-off date be May 17, 2019. Defendant proposes that the fact discovery cut-off date be Jan 15, 2019.

B. Plaintiff proposes propose that the cut off for hearing dispositive pre-trial motions shall be July 8, 2019. Defendant proposes that the cut off for hearing dispositive pre-trial motions shall be Feb 15, 2019.

C. Plaintiff proposes that the time for a final pre-trial conference date shall be August 19, 2019. Defendant proposed that the time for a final pre-trial conference date shall be Mar 15, 2019.

D. Plaintiff proposes that the time for trial shall be September 10, 2019, or

as soon thereafter as the Court deems appropriate. Defendant proposes that the time for trial shall be March 30, 2019, or as soon thereafter as the Court deems appropriate.

## IX. SETTLEMENT AND ADR

Settlement is likely. The parties have exchanged settlement offers. Should these early efforts be unsuccessful, the parties do not intend to pursue private mediation.

## X. TRIAL TIME ESTIMATE

Trial is currently expected to last between 3 and 5 days.

## XI. PROPOSED EXPERT DISCOVERY SCHEDULE

Deadlines for disclosure of the identities of expert witnesses that each party may use at trial to present evidence, and any written report from an expert witness required under Fed. R. Civ. Proc. 26(a)(2)(B) will be filed by June 1, 2019. Rebuttal expert reports will be filed by July 15, 2019.

Date: December 3, 2018    **HIGBEE & ASSOCIATES**

By: **/s/ Ryan E. Carreon**
Ryan E. Carreon, Esq.
*Attorney for Plaintiff*

Date: December 3, 2018

By: **/s/ Helen Yu**
Helen Yu
*Defendant In Pro Per*

# PROOF OF SERVICE

I, the undersigned, say:

I am a citizen of the United States and I am a member of the Bar of this Court. I am over the age of 18 and not a party to the within action My business address is 1504 Brookhollow Dr., Ste 112, Santa Ana, California, 92705.

On December 3, 2018, I caused to be served the foregoing documents:

**JOINT REPORT OF EARLY MEETING**

X  (BY MAIL) I deposited such envelope in the mail at Santa Ana, California. The envelope was mailed with postage thereon fully prepaid and addressed to the person below:

Helen Yu
18 Technology Drive, Suite 138
Irvine, CA 92618

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on December 3, 2018, at Santa Ana, California.

*/s/ Ryan E. Carreon*
Ryan E. Carreon, Esq.
*Counsel for Plaintiff*