HELEN YU, Pro Se
18 Technology Dr. Suite 138
Irvine, CA 92618
Phone: (949) 880-5589
Email: helen@skinlereve.com

FILED
2019 JAN 23 PM 1:53
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF
SANTA ANA
BY___LAW_____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| URBANLIP.COM LTD., <br><br> Plaintiff, <br><br> v. <br><br> LEREVE SKIN INSTITUTE, INC., HELEN YU, et al. <br><br> Defendant(s). | Case No. 8:18-CV-01685-DOC-JDE <br><br> **Judge: Honorable David O. Carter** <br><br> **DECLARATION OF HELEN YU IN OPPOSITION TO DECLARATION OF RYAN. E. CARREON** |

## DECLARATION OF HELEN YU

I, Helen Yu, declare as follows:

1. I am over the age of 18 years old. I am a Defendant in the above captioned matter. I have personal knowledge of the matters stated herein, and if called as a witness, I could and would competently testify thereto.

2. I submit this Declaration in opposition to Mr. Ryan E. Carreon's statements in his DECLARATION OF RYAN E. CARREON IN OPPOSITION TO REQUEST TO RESCHEDULE THE SCHEDULING CONFERENCE. I disagree with and contest many statements in Mr.

1

Carreon's declaration. Additionally, I wish to provide court an update of my current status.

3. Mr. Carreon claimed in his Proof of Service that he sent me a copy if his Declaration opposing the rescheduling of scheduling conference. I never received any copy of Mr. Carreon's declaration by mail or email. I only found out later about his declaration online. I informed him of this problem. To this day, as I write this, I received no copy.

## RESPONSE TO SPECIFIC PARAGRAPHS

4. On Mr. Carreon's Declaration, Paragraph 5, *"Since that time we have been in regular contact with each other regarding various aspects of this case."* **My Response:** This statement is not correct. From September 28 to October 26, 2018 there was no contact or communication by phone or email between us. Based on what I understand today, I believe that Urbanlip and Mr. Carreon was quietly hoping I would not file an answer at all so they could pursue a default judgment. After I filed answer for myself and Lereve on October 15, 2018, Mr. Carreon contacted me on October 26, 2018.

5. On Mr. Carreon's Declaration, Paragraph 8 *"both parties have voluntarily exchanged information in order to facilitate our settlement discussions"* **My Response:** There has been no "voluntary exchanged information". Information given only has been one direction. Mr. Carreon has given me no helpful information. Mr. Carreon has received much private information. I was required by Mr. Carreon to give him much private financial and business information to work on settlement amount. In my attempt to achievement settlement without spending high attorney fees, I

provided Mr. Carreon company tax returns since 2014 since I opened the business, company bank statement, my personal bank statement, personal debt agreement, company sales & clients list of 2018. Mr. Carreon kept insisting to see Lereve business insurance and my personal insurance information to pay settlement. I did not give him because I told him there was no coverage on this matter. On December 5th, I knew a settlement was not going to be achieved before the original scheduled hearing conference on December 20, 2018. I wanted to prepare for that scheduled hearing conference.

6. On Mr. Carreon's Declaration, Paragraph 7: *"Additionally, we also met and conferred regarding the Plaintiff's Motion to Strike, and conferred and prepared the Rule 26 Joint Report in anticipation of the scheduling conference."* **My Response:** Mr. Carreon and I have never met in person. We have only exchanged emails and spoken on the phone. On November 30, 2018, Friday around 6:13pm, Ryan sent me an email and said that "I forgot that we are required to submit a scheduling report to the judge on Monday." He required me to fill my part to give to him for coming Monday afternoon. I had no advance notice to prepare for this Joint Report when Mr. Carreon emailed me he forgot. I was not able to get any legal help that same Friday night so I did my best to respond to him. Obviously, I did poorly in what I submitted to him in a hurry. Last week, I consulted a lawyer at the Federal Pro Se Clinic. That lawyer pointed out that Mr. Carreon's time frame to notify me to file the joint report was not right or fair given that he knew that I was not a lawyer, had no lawyer, had no legal knowledge, or legal background.

3

7. On Mr. Carreons's Declaration, Paragraph 11: *"I do not believe that proceeding with the conference as currently scheduled would prejudice Defendant Yu in any way, including her ability to present her case or defend herself if she decides not to retain an attorney."* **My Response:** I disagree with Mr. Carreon. I now understand that he legally represents Urbanlip, not me or Lereve at all. Anything he says is in service for Urbanlip and **against** me and Lereve. My not having sufficient and reasonable time to speak and consult with lawyers to be prepared in **any** conference helps Urbanlip and hurts me and Lereve. I have informed Mr. Carreon that from now on, I will confirm with another lawyer any communication I receive. I informed Mr. Carreon that I will continue professional courtesy with him.

8. On Mr. Carreon's Declaration, Paragraph 12: *"Plaintiff would be prejudiced in this matter."* **My Response:** Mr. Carreon is a lawyer working in a big law firm and representing his client, Urbanlip. Urbanlip has chosen to sue my company Lereve Skin Institute Inc. and me personally. I did not want this and tried to prevent lawsuit. At this time, neither Lereve or I have a lawyer to represent us but I have been working on getting help. So far, I have been able to get some legal help through Federal Pro Se Clinic. It is clear to everyone I spoke to that Urbanlip has a big legal advantage against me and Lereve. Mr. Carreon tells court that Urbanlip would be prejudiced. Lereve and I are the ones being sued and accused. If anything, I am being prejudiced with their incorrect accusations.

9. On Mr. Carreon's Declaration, Paragraph 15: *"I believe that an in person conference would be beneficial to both parties, as it would allow a direct*

*dialogue with the Court which I personally believe will be beneficial and allow the parties to potentially reevaluate their settlement positions."* **My Response:** Mr. Carreon is trying to rush the process to my and Lereve's disadvantage. The court and Mr. Carreon already know through my time extension request that it has been difficult to find a good lawyer under affordable terms especially during holiday season in December. I do not feel that I should have dialog with court until I am prepared and file more documents (like amended answer with affirmative defenses) with court ahead of conference. I updated Mr. Carreon on my current status on January 20, 2019. I will do the same later in this document for the court. I feel it is better to provide court an update directly from me at this time.

10. On Mr. Carreon's Declaration, Paragraph 16: *"Defendant Yu alluded to allegations in the Complaint regarding prior infringements that occurred in 2012. To be clear, UrbanLip does not claim those infringements as part of this lawsuit as they would be well outside the statute of limitations."* **My Response:** Urbanlip, through its Complaint, has attempted to prejudice against me and Lereve unproven accusations and assertions of copyright infringement when I was working at another company in 2012. Even if it was true what they wrote, I would deny because I was working for that company, not for myself. And any infringements back then was also unintentional. The company I worked in 2012 purchased the copyright license of the photo. But because I was working for them, Urbanlip wants to indirectly punish me and Lereve for what happened there so many years ago. Mr. Carreon says his client might be prejudiced. Urbanlip is trying to prejudice me in how they wrote their Complaint by referencing another company so long ago.

5

# TIME EXTENSION MATTER

11. On Tuesday, December 11, 2018, I requested Ryan to stipulate to a 30-day time extension of the scheduling conference after the holidays so that I could have some time to learn more about the law, legal procedures, and prepare myself legally to meet the judge at scheduling conference. I was told by Mr. Carreon that usually the judge would not grant my time extension request if the request is not jointly agreed. Mr. Carreon tried to convince me that the scheduling conference did not need preparation and it would benefit both parties. In my mind, I disagreed with him and felt with the holidays coming up, many lawyers and law firms were difficult to contact and communicate with, it would be a big problem for me. Even if I found a lawyer, I felt they would need additional time to prepare. Because I have spoken and interviewed several lawyers, I now know that Mr. Carreon was trying to rush the case forward so that I would not be able to have time to prepare and learn more to give myself and Lereve a proper defense.

12. Given the previous negative experience, I now understand that Mr. Carreon represents Urbanlip, not me or Lereve. Urbanlip only wants judgment and money the easiest way they can get it. If they can avoid court and the judge, it is better for them. Since December 2018 until now, I have been told many times that a request for time extension is very reasonable given my situation and circumstances: I am not a lawyer. I have no legal background or legal education. English is my 2nd language. The Christmas and New Year holidays were coming at that time. Lawyers were on vacation. Law firms had mostly junior staff. I had not been sued before. I had never asked for time extensions from court before. Every

lawyer I have met so far tells me that time extensions are very common. But Mr. Carreon discouraged me to file and time extension. He misinformed me that time extensions are typically not given without his agreement. Based on my small experience in this case, I find he is not correct.

## DEFENDANT STATUS UPDATE

As a proactive measure and out of respect for court, I now provide my current status since I was granted time extensions:

13. Since January 8, 2019, following the New Year holiday, I have been in regular contact with the Federal Pro Se Clinic. I meet with them every Tuesday and Thursday. They have been very helpful. I have learned a lot from them. They encourage me to keep returning every week as the case progresses until I find a lawyer. They have provided me helpful legal information and pro se information guides. They continue to provide me good legal feedback and suggestions.

14. Since early January, I contacted several lawyers by phone and email. I learned there is limited-scope representation option in addition to full-representation options in California. I have communicated with several lawyers but only met a few for personal interviews. Because of ongoing financial concerns, my representation options are still limited but I continue to make every effort to find a reasonable priced lawyer to represent and defend Lereve favorably. I feel confident that with current interviews with several lawyer leads, that there is strong interest in my case and situation.

15. My plan is to hire lawyer to file an answer by February 1, 2019, if possible. Or at least enter the case to represent Lereve by then and that new lawyer may file time extension on behalf of Lereve so they can catch up on this case. It is high priority to file amended answer with affirmative answers for Lereve and myself.

16. I will do everything I can to avoid filing time extension. But if by around January 28, 2019, I cannot find and hire a suitable lawyer for Lereve, I intend to file another motion for time extension and will provide court with exhibits supporting my request. But that is my last option if I have no choice and run out of time. I will also contact Mr. Carreon to see if he will agree to stipulate. Regardless if Mr. Carreon agrees or not, it is my intention to go forward on the motion for time extension. I will still give him professional courtesy even if he disagrees with my requests. I will have an exhibit with list of lawyers and law firms I have contacted and other information.

17. Because I learned that my original answer I filed with Court on October 15, 2018 is so poor quality and improper format, every lawyer has strongly advised me to file an amended answer with affirmative defenses. It is very high priority. I have already contacted Mr. Carreon as professional courtesy regarding my intentions to file a motion for leave to file amended answer.

18. I have already prepared a rough first draft of my amended answer with affirmative answers but still working on it. I need help to correct my grammar and language mistakes. I want Federal Pro Se Clinic lawyers to review it. It has been a slow, hard process but I am making progress. I am

not sure of the date I will finish and submit it but hopefully less than two weeks.

19. I am also considering a counter-claim against Urbanlip. However, it is too early to say more because I need to meet with Federal Pro Se Clinic and also interview other lawyers to get their opinion.

In conclusion, I do not request anything from court through this declaration except to read my update. This is not a motion filing and requires no response. I only want to formally comment, make statements directly to court, and have it in court record.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on January 23, 2019, at Irvine, California.

_____
Helen Yu, Pro Se
18 Technology Dr. #138
Irvine, CA 92618
Phone: (949) 880-5589