SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
CARLO F. VAN DEN BOSCH, Cal. Bar No. 185207
cvandenbosch@sheppardmullin.com
GAZAL POUR-MOEZZI, Cal. Bar No. 285932
gpour-moezzi@sheppardmullin.com
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone:  714.513.5100
Facsimile:   714.513.5130

Attorneys for Defendants
LEREVE SKIN INSTITUTE INC.
HELEN YU

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| URBANLIP.COM LTD., <br><br> Plaintiff, <br><br> v. <br><br> LEREVE SKIN INSTITUTE, INC., a California corporation; HELEN YU, an individual; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 18-cv-01685-DOC-JDE <br><br> **DEFENDANTS LEREVE SKIN INSTITUTE INC.'S AND HELEN YU'S ANSWER TO COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** <br><br> The Hon. David O. Carter <br><br> Trial Date:          TBD |

Lereve Skin Institute, Inc. ("Lereve") and Helen Yu (collectively, "Defendants") hereby answer Urbanlip.com Ltd's ("Plaintiff") complaint as follows:

## JURISDICTION AND VENUE

1. Defendants admit that this action purports to arise under the Copyright Act, Title 17, Section 101, *et seq.*, of the United States Code, as set forth in paragraph 1 of the Complaint.

2. Defendants admit the allegations set forth in paragraph 2 of the Complaint.

3. As to the allegations in paragraph 3 of the Complaint, Defendants admit that this Court has personal jurisdiction over Defendants. Except as expressly admitted herein, Defendants deny the allegations set forth in paragraph 3.

4. Defendants admit the allegations set forth in paragraph 4 of the Complaint.

## PARTIES

5. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint, and on that basis deny these allegations.

6. Defendants admit the allegations set forth in paragraph 6 of the Complaint.

7. Defendants admit the allegations set forth in paragraph 7 of the Complaint.

8. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint, and on that basis deny these allegations.

## FACTUAL ALLEGATIONS

9. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint, and on that basis deny these allegations.

10. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint, and on that basis deny these allegations.

11. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint, and on that basis deny these allegations.

12. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint, and on that basis deny these allegations.

13. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint, and on that basis deny these allegations.

14. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint, and on that basis deny these allegations.

15. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint, and on that basis deny these allegations.

16. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint, and on that basis deny these allegations.

17. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint, and on that basis deny these allegations.

1      18.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint, and on that basis deny these allegations.

     19.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint, and on that basis deny these allegations.

     20.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint, and on that basis deny these allegations.

     21.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint, and on that basis deny these allegations.

     22.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint, and on that basis deny these allegations.

     23.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint, and on that basis deny these allegations.

     24.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint, and on that basis deny these allegations.

     25.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint, and on that basis deny these allegations.

     26.     As to the allegations in paragraph 26 of the Complaint, Defendants admit that in 2018, Lereve promoted its ReveSkin and RevePeel skincare products. Defendants are without sufficient knowledge or information to form a belief as to

the truth of the remaining allegations set forth in paragraph 26 of the Complaint, and on that basis deny these allegations.

27. As to the allegations in paragraph 27 of the Complaint, Defendants admit that in 2017, Lereve advertised its ReveSkin and RevePeel products on social media, namely on Instagram and Facebook. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 27 of the Complaint, and on that basis deny these allegations.

28. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint, and on that basis deny these allegations.

29. As to the allegations in paragraph 29 of the Complaint, Defendants admit that the images attached as Exhibit B to the Complaint appear to be screenshots of Lereve's advertisements for its ReveSkin and RevePeel products. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 29 of the Complaint, and on that basis deny these allegations.

30. As to the allegations in paragraph 30 of the Complaint, Ms. Yu admits that she is the President of Lereve. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 30 of the Complaint, and on that basis deny these allegations.

31. As to the allegations in paragraph 31 of the Complaint, Defendants admit that Ms. Yu received a correspondence from Plaintiff's counsel on or around July 21, 2018. Defendants further admit that Lereve immediately ceased all use of the images noted in Plaintiff's letter. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 31 of the Complaint, and on that basis deny these allegations.

32. Defendants admit the allegations set forth in paragraph 32 of the Complaint.

33. As to the allegations in paragraph 33 of the Complaint, Defendants admit that Ms. Yu and Plaintiff exchanged additional correspondence. Except as expressly admitted herein, Defendants deny the allegations in paragraph 33 of the Complaint.

34. Defendants deny the allegations set forth in paragraph 34 of the Complaint.

35. As to the allegations in paragraph 35 of the Complaint, Defendants admit that Ms. Yu is the President of Lereve. Except as expressly admitted herein, Defendants deny the allegations set forth in paragraph 35 of the Complaint.

36. Defendants deny the allegations set forth in paragraph 36 of the Complaint.

## FIRST CLAIM FOR RELIEF
## Copyright Infringement

37. Defendants fully incorporate herein their responses to paragraphs 1 through 36, *supra*.

38. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint, and on that basis deny these allegations.

39. Defendants deny the allegations set forth in paragraph 39 of the Complaint.

40. Defendants deny the allegations set forth in paragraph 40 of the Complaint.

41. Defendants deny the allegations set forth in paragraph 41 of the Complaint.

42. Defendants deny the allegations set forth in paragraph 42 of the Complaint.

## AFFIRMATIVE DEFENSES

As to their affirmative defenses to the Complaint, and each purported claim for relief stated therein, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. The Complaint fails to state facts sufficient to constitute a claim against Defendants.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

2. The claims for relief asserted by Plaintiff are barred by the statute of limitations.

### THIRD AFFIRMATIVE DEFENSE
### (Public Domain)

3. On information and belief, the works that Plaintiff claims have been infringed are not entitled to copyright protection because they are within the public domain and/or do not constitute copyrightable subject matter.

### FOURTH AFFIRMATIVE DEFENSE
### (Copyright Misuse)

4. On information and belief, Plaintiff's claim is barred under the doctrine of copyright misuse.

### FIFTH AFFIRMATIVE DEFENSE
### (Copyright Ownership)

5. On information and belief, Plaintiff does not own the copyrights in the works referred to in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE
### (Originality)

6. On information and belief, Plaintiff's alleged works consist of non-original features, and thus are not protectable or valid copyrights under 17 U.S.C. §§ 101, 102.

## SEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

7. On information and belief, Plaintiff's claims are barred by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE
### (Bad Faith)

8. On information and belief, the allegations in the Complaint have always been and continue to be frivolous, unreasonable, and groundless.

## NINTH AFFIRMATIVE DEFENSE
### (Failure to Satisfy Registration Requirements)

9. On information and belief, the copyright registration referenced in the Complaint is invalid because it fails to satisfy the conditions and requirements specified in Title 17 of the United States Code.

## TENTH AFFIRMATIVE DEFENSE
### (Scenes A Faire)

10. Plaintiff's claims are barred by the doctrine of scenes a faire.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Merger)

11. Plaintiff's claims are barred by the doctrine of merger.

## TWELFTH AFFIRMATIVE DEFENSE
### (Fair Use)

12. Plaintiff's claims are barred by the doctrine of fair use in that Defendants' use of Plaintiff's alleged copyrights was transformative and constituted

new and unique artistic expression as compared to the underlying alleged copyrighted works.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (*De Minimis* Infringement)

13. Plaintiff's claims are barred because any alleged copying or other violations of rights which may have occurred was, at most, *de minimis*, and thus, not actionable under the law.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Innocent Intent – 17 U.S.C. § 504(c)(2))

14. Plaintiff's damages, if any, are limited because Defendants were not aware and had no reason to believe that their acts constituted an infringement of copyright.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Estoppel)

15. Any of Defendants' conduct that is alleged to be unlawful was taken as a result of conduct or lack thereof by Plaintiff, and Plaintiff is thus estopped to assert any claim for relief against Defendants.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Waiver)

16. Plaintiff, by his actions and inactions regarding the subject matter of this lawsuit, waived any and all claims for relief against Defendants.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Laches)

17. Plaintiff's claims are barred by the doctrine of laches.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

18. Plaintiff is barred from recovery because Plaintiff would be unjustly enriched if permitted to recover under the Complaint.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

19. Plaintiff's claims are barred, or should be reduced, due to Plaintiff's failure to mitigate its purported damages.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Additional Affirmative Defenses)

20. Defendants still are investigating this matter and reserve the right to assert additional affirmative defenses as they become known.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray as follows:

1. That the Complaint be dismissed with prejudice and judgment be entered in favor of Defendants;

2. That Defendants, as prevailing parties, recover reasonable attorneys' fees and other fees and costs incurred in this action; and

3. That the Court grants such further relief it deems just and proper.

Dated: February 1, 2019

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By   */s/ Carlo F. Van den Bosch*
CARLO F. VAN DEN BOSCH

Attorneys for Defendants
LEREVE SKIN INSTITUTE INC.
HELEN YU