1 | Mathew K. Higbee, Esq., SBN 241380
  | Ryan E. Carreon Esq. SBN 311668
2 | **HIGBEE & ASSOCIATES**
  | 1504 Brookhollow Dr., Suite 112
3 | Santa Ana, CA 92705
  | (714) 617-8336
4 | (714) 597-6559 facsimile
  | Email: mhigbee@higbeeassociates.com
5 | rcarreon@higbeeassociates.com

6 | *Attorney for Plaintiff,*
  | URBANLIP.COM LTD.

7 |

8 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  |   A Limited Liability Partnership
9 |   Including Professional Corporations
  | CARLO F. VAN DEN BOSCH, Cal. Bar No. 185207
10| cvandenbosch@sheppardmullin.com
  | GAZAL POUR-MOEZZI, Cal. Bar No. 285932
11| gpour-moezzi@sheppardmullin.com
  | 650 Town Center Drive, 4th Floor
12| Costa Mesa, California 92626-1993
  | Telephone:  714.513.5100
13| Facsimile:   714.513.5130

14| Attorneys for Defendants
  | LEREVE SKIN INSTITUTE INC.
15| HELEN YU

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| URBANLIP.COM LTD., | Case No. 8:18-cv-01685-DOC-JDE |
| Plaintiff, | **AMENDED JOINT REPORT OF EARLY MEETING** |
| v. | **[FRCP RULE 26(b); CD-LR 26-1]** |
| LEREVE SKIN INSTITUTE INC., a California Corporation; HELEN YU, an individual; and DOES 1 through 10 inclusive, | |
| | Complaint Filed:    Sept.18, 2018 |
| Defendants. | Scheduling Conference:   March 4, 2019 |

**AMENDED RULE 26(f) REPORT**

SMRH:489523175.1                                              -1-

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 26(f), Central District Local Rule 26-1, and this Court's Standing Order the parties to this action, Plaintiff urbanlip.com Ltd., and Defendants LeReve Skin Institute and Helen Yu hereby submit this Amended Joint Report of Early Meeting.

## II. STATEMENT OF FACTS

### a. Plaintiff's Statement of the Case

This is a straight forward case of copyright infringement by Defendants Helen Yu and LeReve Skin Institute Inc. Plaintiff urbanlip.com ltd. ("Urbanlip") is a stock photography agency based in the U.K. speacailizing in health, beauty, and fashion imaging. Urbanlip is the rights holder to four unique beauty photographs ("Images"), which is registered with the Unites States Copyright Office.

In 2012, Urbanlip was contacted by Defendant Yu in her capcity as CEO of a an entity named Merveille Beauty, which is not part of this lawsuit. Defendant Yu sent a request to Urbanlip for licensing information for some of its photographs. Urbanlip and Defendant Yu did not enter into a licensing agreement, but shortly thereafter Urbanlip discovered that six of its photographs were being used to promote various Mereveille Beauty products. After Urbanlip confronted Defendant Yu about the infringement, Defendant Yu agreed to pay a retroactive license fee, but the transaction was never consummated.

In June 2018, Urbanlip discovered that the Images were being used by Defendant LeReve to promote a series of skin case products branded as "ReveSkin"

and "RevePeel." Urbanlip noticed that the Images were being used online in various advertisments ("Infringing Advertsiments"), and also noticed that the Images were being used on the ReveSkin and RevePeel product boxes, on print advertising brochures, on physical print displays, and other print media ("Infringing Materials"). After a brief investigation, Urbanlip discovered that Defendant Yu was the president of Defendant LeReve.

Urbanlip estimates that the a licensing fee to use the Images in print media and online advertisements similar to the Infringing Advertisements and Infringing Materials would cost approximately $5,000 per year per Image to license.

### b. Defendants' Statement of the Case

Defendants deny the allegations of liability contained in Plaintiff's Complaint.  Defendants intend to take discovery on whether Plaintiff owns valid copyrights in the images at issue in this litigation.  Assuming Plaintiff does own valid copyrights, any use by Defendants of the at-issue images was innocent and in good faith, contrary to Plaintiff's allegations of willful infringement.  Indeed, upon receipt of Plaintiff's cease and desist letter, Defendants promptly ceased all use of the images noted in Plaintiff's letter.

## III. PRINCIPAL ISSUES OF THE CASE

### a. Plaintiff's Statement

Plaintiff believes that the principal issues to be decided in the case will be the extent of the infringement Images and the calculation of damages and profits resulting from the infringement alleged.

### b. Defendants' Statement

Defendants' defense will focus on (1) on information and belief, Plaintiff's lack of ownership of the copyrights in the images at issue in this action; (2) the lack of damages and lack of irreparable harm to Plaintiff; (3) Defendants' good faith in using the images at issue in this action.

## IV. ADDITIONAL PARTIES

The parties do not anticipate any additional parties being added to the case.

## V. CONTEMPLATED MOTION PRACTICE

### a. Plaintiff's Contemplated Motions

Plaintiff is contemplating bringing a Motion to Strike Defendants' Amended Answer filed on February 1, 2019. Plaintiff also anticipates that it will bring a Motion for Summary Judgment after discovery has been completed.

### b. Defendants' Contemplated Motions

Defendants anticipate filing a motion for summary judgment or partial summary judgment.

## VI. SETTLEMENT DISCUSSIONS

The parties have been engaged in settlement discussions primarily by email and telephone and both parties desire to settle the case. Both sides have made settlement proposals, and the parties have voluntarily exchaged information to aid in the settlement discussions.

Pursuant to L.R. 16-15.4, the parties would request ADR Procedure No. 1 - The parties shall appear before the District Judge or Magistrate Judge assigned to

the case. Since Plaintiff's principals are located in the U.K., Plaintiff will likely seek leave to allow them to appear at the settlement conference by telephone or video.

## VII.   RULE 26(f) DISCOVERY PLAN

In accordance with the requirements of Federal Rule of Civil Procedure 26(f)(1)-(4), the parties submit the following:

### A.   Proposed Changes to Rules 26(a)(1) Disclosures

The Parties agree that no changes should be made to the form or requirement for disclosures under Rule 26(a)(1), and that disclosures should be exchanged no later than February 19, 2019.

### B.   Discovery

The parties propose the following with regard to discovery:

**1.   Scope and Subjects of Discovery**

   a.   Plaintiff's Subjects on Which Discovery May Be Needed. Without prejudice to its rights to seek discovery on any relevant issues, Plaintiff contemplates that it will need and seek discovery concerning the scope and extent of the infringement, Defendants' prior dealings with Plaintiff, and the number of products sold bearing the infringing photographs.

   b.   Defendants' Subjects on Which Discovery will be Needed. Without prejudice to their rights to seek discovery on any relevant issues, Defendants contemplate that they will need

and seek discovery concerning: Plaintiff's standard license fees for its copyrighted images; Plaintiff's history of licensing the images at issue in this action; Plaintiff's prior dealings with Defendants; Plaintiff's purported ownership of and copyrights in the images at issue in this action; Plaintiff's attempts to register the images at issue in this action with the U.S. Copyright Office; damages, including reasonable royalties for Plaintiff's purported images; Defendants' affirmative defenses.  Defendants reserve the right to take discovery on additional topics if necessary.

    c.    Agreed Upon Methods of Discovery.

The parties agree that the anticipated methods of future discovery will include: (1) written discovery in the form of Interrogatories, Requests for Admissions, and Requests for Production of Documents; (2) written discovery via issuance of subpoenas to third parties; and (3) oral depositions of "person(s) most knowledgeable" under Rule 30(b)(6), and other relevant witnesses.

**2. Discovery Completion Dates**

    a.    Supplementations – Supplementations under Fed. R. Civ. Proc. 26(e) are due in a reasonable time after material, relevant facts are learned, or by court order.

    b.    Discovery Cut-Off – All fact discovery shall be completed by all parties on or before August 12, 2019.

**3. Protocol for Electronically-Stored Information**

Disclosure or discovery of electronically stored information should be handled as follows:

    a.    All electronic files are to be produced as kept in the ordinary course of business to be produced electronically in optical character recognized (also known as "OCR"-ed) portable document format (PDF).

**4. Procedures for Resolving Disputes Regarding Claims of Privilege**

The parties agree to use the procedures set forth in Fed. R. Civ. Proc. Rule 26(b)(5) regarding any claims of privilege or protecting materials asserted as being for trial-preparation. The parties request that this proposed procedure be adopted within the court's further orders.

**5. Changes in Discovery Limitations**

The parties do not request any changes in the discovery limitations set forth in the FRCP.

## VIII. THE MATTER IS NOT COMPLEX

The parties agree that the matter is not complex such that any portion of Manual for Complex Litigation should be utilized in managing the matter.

## IX. PROPOSED MOTION AND TRIAL SCHEDULE

A. The parties propose a last day to file motions to add parties or amend the pleadings be within sixty (60) days of the Scheduling Order.

B. The parties propose that the fact discovery cut-off date be August 12, 2019.

C. The parties propose an expert discovery cut-off date of October 7, 2019.

D. The parties propose that the cut off for hearing dispositive pre-trial motions shall be November 18, 2019.

E. The parties propose that the time for a final pre-trial conference date shall be February 3, 2020.

F. The parties propose that the time for trial shall be February 11, 2020, or as soon thereafter as the Court deems appropriate.

## X. SETTLEMENT AND ADR

Settlement is likely. The parties have exchanged settlement offers.

Contemporaneous with this joint report, the parties are filing their ADR Procedure Selection Request, recommending that the Court approve ADR Procedure No. 1 (settlement proceedings before a magistrate judge).

## XI. TRIAL TIME ESTIMATE

Trial is currently expected to last between 3 and 5 days.

## XII. PROPOSED EXPERT DISCOVERY SCHEDULE

Deadlines for disclosure of the identities of expert witnesses that each party may use at trial to present evidence, and any written report from an expert witness

required under Fed. R. Civ. Proc. 26(a)(2)(B) will be due by September 2, 2019. Rebuttal expert reports will be due by September 16, 2019.

Date: February 15, 2019          HIGBEE & ASSOCIATES

                                 By: **/s/ Ryan E. Carreon**
                                 Ryan E. Carreon, Esq.
                                 *Attorney for Plaintiff*

Date: February 15, 2019          SHEPPARD, MULLIN, RICHTER & HAMPTON

                                 By: **/s/ Carlo F. Van den Bosch**
                                 Carlo F. Van den Bosch
                                 *Attorney for Defendants*

SMRH:489523175.1
**AMENDED RULE 26(f) REPORT**
-9-